# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# JASPER DIVISION

| | |
|---|---|
| **BRENDA R. BORDEN,** | ) |
| **Claimant,** | ) |
| vs. | ) Case No. 6:11-cv-3240-CLS |
| **MICHAEL J. ASTRUE,** Commissioner, Social Security Administration, | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION AND ORDER OF REMAND

Claimant Brenda R. Borden commenced this action on September 8, 2011, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner, affirming the decision of the Administrative Law Judge ("ALJ"), and thereby denying her claim for a period of disability, disability insurance, and supplemental security income benefits. For the reasons stated herein, the court finds that the Commissioner's ruling is due to be reversed, and this case remanded to the Commissioner for further proceedings.

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied. *See Lamb v.*

*Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th Cir. 1983).

Claimant contends that the Commissioner's decision is neither supported by substantial evidence nor in accordance with applicable legal standards. Specifically, claimant contends that the Appeals Council should have reversed the ALJ's decision after receiving additional evidence from Dr. Jane Teschner, a consultative medical examiner.

> When a claimant submits new evidence to the AC [*i.e.,* Appeals Council], the district court must consider the entire record, including the evidence submitted to the AC, to determine whether the denial of benefits was erroneous. *Ingram*[*v. Commissioner of Social Security Administration*], 496 F.3d [1253,] 1262 [(11th Cir. 2007)]. Remand is appropriate when a district court fails to consider the record as a whole, including evidence submitted for the first time to the AC, in determining whether the Commissioner's final decision is supported by substantial evidence. *Id.* at 1266-67. The new evidence must relate back to the time period on or before the date of the ALJ's decision. 20 C.F.R. § 404.970(b).

*Smith v. Astrue,* 272 F. App'x. 789, 802 (11th Cir. 2008).

Dr. Teschner performed an "Independent Medical Examination" of plaintiff on April 15, 2011.[1] The report of that examination was submitted to the Appeals Council on June 22, 2011, several months after the ALJ's March 8, 2011 administrative decision.[2] The Appeals Council considered Dr. Teschner's report, but

---

[1] Tr. 678-86.

[2] *See* Tr. 10 (stating the date of the ALJ's decision), 677 (cover letter from claimant's attorney, submitting Dr. Teschner's report to the Appeals Council). Claimant also submitted

it found no reason to reverse the ALJ's decision. Consequently, the Appeals Council denied claimant's request for review on August 17, 2011.[3]

Dr. Teschner conducted a full medical examination of claimant, and she noted multiple physical findings, but the only findings discussed by claimant related to her psychological impairments. Dr. Teschner stated that claimant's only complaint was back pain, but she also noted, "[Claimant] is severely depressed but does not mention it here in chief complaints. It is as if the depression is such a part of her that she forgets she has it."[4] When describing claimant's medical history, Dr. Teschner stated:

> Ms. Borden has a history of depression and anxiety for which she is prescribed Prozac and Xanax. She denied any psychiatric admissions. Her medical records indicate a diagnosis of major depressive disorder. She thinks of suicide frequently but has no plan. She does not see a psychiatrist or a therapist. Apparently, her PCP [primary care provider] prescribed her Prozac and Xanax. The judge stated that she has "no severe mental impairment due to depression or anxiety." She certainly does have severe depression today with marked psychomotor retardation and a long latency of response, slowed speech, a family history of suicide in two relatives and she contemplates suicide regularly though without plan. Her depression has become severe by my examination of her today. She did go for a mental health assessment and these therapists are astute and trained to accurately diagnose mental illness in one visit despite Judge Stout's unbelievable statement that they cannot make a diagnosis in one visit. Cardiologists, surgeons, etc. all must make diagnoses in one visit and therapists can too. Judge Stout places enormous weight on Dr. Fowler's assessment of her depression but I do not as he is only a general practitioner who is no specialist in mental

---

additional records Dr. Gary Fowler and Dr. Brian Stone to the Appeals Council, but she does not argue that those records should have changed the Commissioner's decision. *See* Tr. 4.

[3] Tr. 1.
[4] Tr. 679.

illness and might not have picked up on nuances of mental illness. (I have a background in psychiatry.) Also patients do not always tell their doctors everything and doctors do not always listen and they enter data into the medical record incorrectly. Dr. Fowler is given more weight than is necessary in my opinion. He is a GP dealing with multiple complaints. Psychological issues take a back burner to medical problems with him. His assessment of her mental illness is not reliable.[5]

Upon a mental status examination, Dr. Teschner noted:

> The claimant is cooperative but very depressed. Psychomotor retardation. Paucity of content. Long latency of response. She maintained no change in facial expression during entire exam. Her expression was completely bland. She had no facial expression; she just stared ahead as if in another world. She appears reliable and her pain is credible. She appears her stated age. Her mood is depressed. Her affect is markedly depressed. She exhibits poor eye contact with examiner as if she is so withdrawn she cannot make eye contact. There appears to be no gross, obvious difficulty with ability to understand, BUT probably has difficulty with her ability to remember secondary to severe depression and pain. She likely cannot concentrate for the same reasons. I doubt she can persist with task but she probably has greater difficulty starting tasks with her psychomotor retardation. She likely has difficulty adapting and interacting socially as she isolates. She barely interacted with me today. Nevertheless, the claimant appears able to handle her own personal financial affairs.[6]

Dr. Teschner assessed claimant as suffering from "Major Depressive Disorder, Severe" and "Anxiety, NOS."[7] In her concluding paragraph, she stated:

Another primary limiting issue is her severe depression which is apparently not controlled by her psychiatric medication. The odd thing is that she did not mention the depression to me. It was apparent on her

---

[5] Tr. 680-81.
[6] Tr. 683.
[7] Tr. 685.

>   PE.  It was mentioned in her medical records.  This problem is severe
>   and needs further work up.  She is obviously refractory to the effects of
>   Prozac or perhaps she was much worse prior to Prozac and what I see
>   today is improvement.  But there may be some pseudomentia as well as
>   this goes along with severe unrelenting depression.  She failed to even
>   tell me she had depression. . . .  This is HER disability exam this is her
>   opportunity to tell all the things that are wrong with her including her
>   past medical/surgical history.  But she instead stared a lot, was quiet,
>   and did not spontaneously give her history.  She is so depressed and
>   needs full psych testing to help aid in her diagnosis and treatment.
>   However, she has no insurance.  She is so depressed she has no
>   motivation to even get up and make her appointments.  No matter what
>   any doctor or judge says, this woman is severely depressed and this is
>   a major limiting disabling condition.  It makes sense though in light of
>   her strong mental illness family history.  She is at high risk for suicide.
>   Her pain in the back exacerbates her depression and vice versa.  Each
>   exacerbates the other and we have a vicious circle.[8]

It cannot reasonably be disputed that Dr. Teschner's assessment, if afforded full weight, would reflect disabling psychological limitations that are more severe than those previously assessed by any other physician. Even so, the Commissioner argues that none of the limitations assessed by Dr. Teschner relate back to a time period on or before the ALJ's March 8, 2011 decision. Dr. Teschner's evaluation was performed approximately one month after the ALJ's decision. It is true, as the Commissioner points out, that Dr. Teschner did not specifically state that claimant "retained work-related limitations prior to the date of the ALJ's decision."[9] Even so, it is reasonable to conclude that if claimant had psychological symptoms at the level

---

[8] *Id.*

[9] Doc. no. 9 (Commissioner's response brief), at 5.

of severity noted by Dr. Teschner on April 15, 2011, she may also have had those same symptoms one month before.

Considering all of the evidence, including Dr. Teschner's report, the court concludes that remand is warranted for further development of claimant's psychological limitations. Based on the foregoing, the decision of the Commissioner is reversed, and this action is REMANDED to the Commissioner of the Social Security Administration for further proceedings consistent with this memorandum opinion and order.

The Clerk of Court is directed to close this file.

DONE this 18th day of May, 2012.

_____
United States District Judge